IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

HELENA GOVENDER,

    Plaintiff,

v.                               Case No:    12-CA-013750
                                 Division:    D
CORINTHIAN COLLEGES, INC.
d/b/a EVEREST UNIVERSITY
ONLINE,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HELENA GOVENDER, by and through Plaintiff's undersigned counsel, hereby brings this action against Defendant, CORINTHIAN COLLEGES, INC. d/b/a EVEREST UNIVERSITY ONLINE, and states:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding $15,000.00 for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Florida Civil Rights Act ("FCRA"), 760.10 et. seq. Fla. Stat., and the Family and Medical Leave Act of 1993 ("FMLA").

2. Venue lies within Hillsborough County because the events giving rise to this claim arose in this Judicial District.

### PARTIES

3. Plaintiff is a resident of Pinellas County, Florida.

4. Plaintiff is an "employee" within the meaning of Title VII, FMLA and FCRA.

5. Defendant is authorized and doing business in Hillsborough County, Florida.

6. Defendant is an "employer" within the meaning of Title VII, FMLA and FCRA.

## GENERAL ALLEGATIONS

7. Plaintiff has satisfied all conditions precedent.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

11. Plaintiff was employed by Everest University as Director of Admissions.

12. In 2011, Plaintiff's former supervisor Wanda Ramos made inappropriate comments about her Indian heritage, about which Plaintiff complained. As a result of Plaintiff's complaint, Ms. Ramos was terminated. Likewise, the Regional Vice President, Lisa Pointer Holmes, made comments about Plaintiff's national origin and religion.

13. In March, 2012, Plaintiff's supervisor, Justus Roberts, called her into his office and discussed a passage from the Bible for the purpose of advising Plaintiff that he has a circumcised penis.

14. Plaintiff was deeply shocked and offended by Mr. Roberts' statement and contacted the corporate Human Resources department in California to report it. Thereafter, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC has issued a Right to Sue to Plaintiff.

15. As a result of Plaintiff's protected activities, Defendant, thorough Lisa Pointer Holmes, began a campaign of harassment and retaliation against Plaintiff. The terms and conditions of Plaintiff's work environment were materially altered by Defendant's actions.

2

16. Beginning in 2012, Plaintiff suffered from one or more serious health conditions pursuant to the FMLA.

17. Plaintiff sought medical leave from Defendants under the FMLA, and submitted documentation to Defendant regarding her need for medical leave.

18. Plaintiff submitted paperwork to Defendant indicating that she was able to return to work on November 5, 2012.

19. When Plaintiff arrived at work on November 5, 2012, Plaintiff was terminated. Plaintiff was terminated because she engaged in protected activities under Title VII, FCRA and the FMLA.

### COUNT I — TITLE VII VIOLATION (RETALIATION)

20. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21. The foregoing actions of Defendant constitute retaliation against Plaintiff based upon Plaintiff's protected activities in violation of Title VII.

22. Defendant's actions were willful and done with malice.

23. The retaliation described herein, including but not limited to Plaintiff's termination, was based on Plaintiff's exercise of rights protected by law to resist and oppose unlawful discrimination and harassment.

24. Plaintiff was injured due to Defendant's violations of Title VII, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE,** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT II — FCRA VIOLATION
## (RETALIATION)

25. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 19 of this Complaint as though fully set forth herein.

26. The foregoing actions of Defendant constitute retaliation against Plaintiff based upon Plaintiff's protected activities in violation of FCRA.

27. Defendant's actions were willful and done with malice.

28. The retaliation described herein, including but not limited to Plaintiff's termination, was based on Plaintiff's exercise of rights protected by law to resist and oppose unlawful discrimination and harassment.

29. Plaintiff was injured due to Defendant's violations of FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT III – FMLA INTERFERENCE

30. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 19 of this Complaint as though fully set forth herein.

31. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from one or more serious health conditions pursuant to the FMLA.

32. Plaintiff exercised Plaintiff's FMLA rights and Defendant interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

33. Defendant's actions were willful and done with malice.

34. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) The Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(d) An injunction restraining continued violation of the FMLA;

(e) Compensation for lost wages, benefits, and other remuneration;

(f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. Section 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

(g) Front pay;

(h) Liquidated Damages.

(i) Prejudgment interest on all monetary recovery obtained;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as the Court deems just and equitable.

## COUNT IV – FMLA RETALIATION

35. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 19 of this Complaint as though fully set forth herein.

36. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from one or more serious health conditions pursuant to the FMLA.

37. Plaintiff exercised Plaintiff's rights under the FMLA.

38. Defendant retaliated against Plaintiff for attempting to exercise Plaintiff's FMLA rights, including but not limited to Plaintiff's termination.

39. Defendant's actions were willful and done with malice.

40. Plaintiff was injured due to Defendant's violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) The Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(d) An injunction restraining continued violation of the FMLA;

(e) Compensation for lost wages, benefits, and other remuneration;

(f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. Section 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

(g) Front pay;

(h) Liquidated Damages.

(i) Prejudgment interest on all monetary recovery obtained;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this ___ day of December, 2012.

Respectfully submitted,

/s/ Matthew K. Fenton
MATTHEW K. FENTON
Florida Bar No. 0002089
WENZEL FENTON CABASSA, P.A.
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Telephone: 813-224-0431
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**