UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELENA GOVENDER,

    Plaintiff,

v.	CASE NO.: 8:13-cv-0087-T-23AEP

CORINTHIAN COLLEGES, INC.,

    Defendant.
_____/

**ORDER**

Because the "[p]laintiff has withdrawn from her exhibit list the specifically named documents challenged in Motion in Limine No. 1," the defendant's first motion (Doc. 47) *in limine* is **DENIED AS MOOT**.

The defendant moves (Doc. 48) *in limine* to exclude witnesses. Naming Robin Davis, Al Wilson, Shonique Watts, Barbara Farrell, Joe Rotolo, Brandon Govender, Cindy Leon, and Archana Purdur, the defendant states that the plaintiff "failed to disclose these witnesses in her initial disclosures . . . and did not supplement those disclosures at any time." (Doc. 48 at 1) The plaintiff's response states, "Defendant was aware of everyone on Plaintiff's team before her discharge. Most of the witnesses challenged are Defendant's former employees. Some would be subject to being called as impeachment or rebuttal witnesses." (Doc. 70 at 4) The plaintiff's

argument is both irrelevant and unsupported by citation to fact.  "That the other side may have known the identity of a possible witness is no substitute for compliance with Rule 26." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1224 (D. Kan. 2007) (internal quotation marks omitted); *accord Spacecon Specialty Contractors, LLC v. Bensinger*, 2011 WL 721263 (D. Colo. Feb. 23, 2011) ("Thus, Defendant's argument that Plaintiff knew about all nine witnesses does not excuse his failure to disclose, as required by Fed. R. Civ. P. 26, the name, address, and telephone number of each witness as soon as he knew them.").  Thus, in accord with Rule 37(c)(1), Federal Rules of Civil Procedure,[1] the defendant's second motion (Doc. 48) *in limine* is **GRANTED**.  Robin Davis, Al Wilson, Shonique Watts, Barbara Farrell, Joe Rotolo, Brandon Govender, Cindy Leon, and Archana Purdur are precluded form testifying at trial.

The defendant moves (Doc. 49) to exclude the plaintiff's children, Brandon Govender, Bradley Govender, Belinda Govender.  The defendant argues that the children's testimony is irrelevant because the testimony "is not *actually* probative of whether Corinthian engaged in any unlawful conduct at any given time." (Doc. 49 at 6)  The plaintiff states that her "children can testimony [sic] as good before and after witnesses and can testify as to the emotional distress suffered by their mother

---

[1] "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37.

during and after her employment with Defendant." (Doc. 70 at 4-5) Because the testimony is probative of damages, the defendant's motion (Doc. 49) is **GRANTED IN PART**.[2] The children may testify only to damages, not liability. Also, the defendant moves (Doc. 49) to exclude Michael Wasowicz, but the plaintiff states that she "will not call Mr. Wasowicz." (Doc. 70 at 4) Accordingly, as to Wasowicz, the motion (Doc. 49) is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on February 4, 2014.

> STEVEN D. MERRYDAY
> UNITED STATES DISTRICT JUDGE

---

[2] Also, the defendant argues that the children's testimony is prejudicial. However, in balancing, the defendant failed to recognize that the children's testimony is probative of damages.